Brad A. Denton, #016454
Brad@DentonPeterson.com
Timothy F. Coons, #031208
Timothy@DentonPeterson.com

**DENTON PETERSON, PC**
ATTORNEYS & COUNSELORS AT LAW

1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Jeremy Huckaby**, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**Acronis North America Inc.**, a foreign corporation;<br><br>Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff, Jeremy Huckaby, individually, and on behalf of all other persons similarly situated who are current or former inside sales employees of Defendant (referred to as the "Collective Members") alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and the Collective Members bring this action under the Fair Labor Standards Act, 29, U.S.C. § 201-219 (hereinafter "FLSA") to recover unpaid overtime at the rate of one-and-one-half times their regular rate of pay for all time worked in excess of forty hours in a given workweek.

## PARTIES

2. At all relevant times alleged herein, Plaintiff resided in the State of Arizona in Maricopa County.

3. Plaintiff brings this case on behalf of himself and the Collective Members.

4. Acronis North America Inc. ("Acronis") is a Delaware corporation doing business in Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d) and upon information and believe, was and is an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.00.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c) and (d) because acts giving rise to the claims of the Plaintiff occurred within the District of Arizona, and Acronis has regularly conducted its business in Maricopa County Arizona, and thus, is subject to personal jurisdiction in this judicial district.

## COLLECTIVE ACTION ALLEGATIONS

7. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as representative of the Collective Members who are current or former inside sales employees of Acronis who were/are not paid appropriate overtime for all time worked in excess of forty (40) hours per workweek that Acronis suffered or permitted them to work, in violation of 29 U.S.C. § 207(a), and who agree in writing to join this lawsuit seeking recovery under the FLSA.

8. Acronis is aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty per workweek.

9. Acronis' unlawful conduct has been widespread, repeated, and consistent.

10. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

11. Plaintiff has worked for Acronis from October 2017 through the present.

12. Plaintiff's job duties involved dialing and receiving calls from potential customers in an effort to sell Acronis's products and services.

13. Acronis did not track the hours worked by Plaintiff or the Collective Members.

14. Plaintiff routinely worked with knowledge of Acronis, and often at the request of Acronis, in excess of forty hours per week.

15. Plaintiff rarely, if ever, worked less than forty hours a week.

16. Plaintiff earned part of his income by way of commissions for sales made.

17. Plaintiff and Collective Members were not paid the one-and-one-half times their regular rate as required under the FLSA for hours worked over forty in a workweek.

18. For example, during the workweek of January 8 – 14 2017, Plaintiff worked approximately sixty-seven hours and only received his weekly rate of pay plus commissions. Plaintiff was not paid any overtime pay for the twenty-seven hours of overtime he worked that week.

19. Acronis knew that – or acted with reckless disregard as to whether – a failure to pay Plaintiff and the Collective Members overtime pay for all work in excess of forty hours per workweek, would violate the FLSA. As such Acronis' conduct constitutes a willful violation of the FLSA.

20. Plaintiff brought forward Acronis' blatant violation of the law to an Acronis human resource individual in or around early April 2018.

21. Acronis subsequently changed its pay practices by switching Plaintiff and potential Collective Members to an hourly rate and requiring them to track their hours. Additionally, Acronis determined that it would pay Plaintiff and potential Collective Members for any overtime worked moving forward.

22. However, instead of paying Plaintiff and the Collective Members what they are owed in full for past overtime, Acronis has attempted to pay only partial amounts for past owed overtime.

23. When Plaintiff and Acronis entered into an employment relationship, there was no "clear mutual understanding" between the parties as to what Plaintiff would be paid because Acronis failed to instruct Plaintiff that he was entitled to overtime.

24. Additionally, Plaintiff received variable compensation each work week by way of commissions for sales made which sales changed based on the number of hours Plaintiff worked each work week.

25. Acronis did not pay overtime to Plaintiff in the same workweek that Plaintiff worked overtime and Acronis only began paying overtime recently.

26. Due to Acronis illegal wage practices, Plaintiff and the Collective Members are entitled to recover compensation for unpaid overtime wages at the rate of time-and-a-half, an additional equal amount for liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

27. Since Plaintiff has brought forward these issues relating to his overtime pay, Plaintiff has experienced retaliation by Acronis.

28. This retaliation has come primarily in the form of Acronis withholding final approval on pricing for Plaintiff's potential sales. Whereas before Plaintiff would receive same day approval, he now on several occasions has experienced significant delays, decreasing his chances to close deals.

29. Upon information and belief, Acronis also continues to withhold certain commissions owed to Plaintiff.

30. Because of Acronis direct retaliation against Plaintiff, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT ONE

### FAILURE AND/OR REFUSAL TO PAY OVERTIME.

*Plaintiff and Collective Members*

31. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

32. While employed by Acronis, Plaintiff and the Collective Members routinely worked over forty hours in a work week for Acronis and Acronis did not pay to Plaintiff and the Collective Members any overtime pay.

33. Acronis continues to refuse to pay overtime at the rate of time-and-a-half for any hours over forty for which Plaintiff and the Collective Members worked.

34. Acronis' actions violated 29 U.S.C. § 207.

35. Acronis knew or acted with reckless disregard as to whether refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA overtime requirements during Plaintiff and the Collective Members employment. As such, Acronis conduct constitutes a willful violation of the FLSA.

36. As a result, Plaintiff and the Collective Members are entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs pursuant to 29 U.S.C. § 216.

## COUNT TWO
## WRONGFULLY WITHHELD WAGES.
### *Plaintiff and Collective Members*

37. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

38. Acronis failed to pay Plaintiff and the Collective Members overtime wages under the FLSA as they were earned.

39. This constitutes a compensable wage.

40. Acronis wrongfully withheld these compensable wages from Plaintiff and the Collective Members in violation of A.R.S. § 23-352.

41. By subsequently failing to pay overtime at time-and-a-half to Plaintiff and Collective Members, Acronis has further wrongfully withheld past owed overtime to Plaintiff and the Collective Members.

42. Because Acronis wrongfully withheld compensable wages from Plaintiff and the Collective Members, Plaintiff and the Collective Members are entitled to recover treble damages pursuant to A.R.S. § 23-355 in an amount to be proven in trial.

## COUNT THREE
## DECLARATORY RELIEF
### *Plaintiff and Collective Members*

43. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

44. Acronis failed to pay Plaintiff and the Collective Members overtime wages under the FLSA contemporaneously as they were earned.

45. Plaintiff, as well as the Collective Members, did not have a "clear mutual understanding" as to how they would be paid for the hours they worked as they were never instructed that they were entitled to overtime pay.

46. Plaintiff, as well as the Collective Members, earned a part of their income by means of commissions which correlated with the number of hours they worked.

47. Acronis did not pay the Plaintiff and the Collective Members overtime in the pay period that the overtime was earned.

48. Plaintiff, as well as the Collective Members, hours rarely if ever fluctuated below forty hours in a workweek.

49. Based on this, Plaintiff requests that the Court issue Declaratory that Plaintiff and the Collective Members are owed overtime at the rate of time-and-a-half their regular rate of pay.

## COUNT FOUR
## RETALIATION
### *Plaintiff*

50. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Since Plaintiff reported to Acronis its violation of the FLSA, he has experienced adverse employment consequences by Acronis personnel.

52. The primary form of this retaliation has been in Acronis delaying approval of pricing on sales for several days, thus decreasing Plaintiff's ability to close deals.

53. Because of Acronis direct retaliation against Plaintiff, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT FIVE
## UNPAID COMMISSIONS
### *Plaintiff*

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. Acronis has failed to pay Plaintiff certain commissions that are owed to him.

56. The total value of those commissions are approximately $1,126.67 for the Commitment Based Incentive and $1,493.44 for the Revenue Based Incentive.

57. This constitutes a compensable wage.

58. Acronis wrongfully withheld these compensable wages from Plaintiff in violation of A.R.S. § 23-352.

59. By failing to pay Because Acronis wrongfully withheld compensable wages from Plaintiff, Plaintiff is entitled to recover treble damages pursuant to A.R.S. § 23-355 in an amount to be proven in trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of the Collective Members, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Acronis:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 28 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of

the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

      B.     For the Court to award all compensatory, incidental, and consequential damages to be determined at trial;

      C.     For the Court to award overtime compensation at the rate of time-and-a-half the regular rate of pay;

      D.     For the Court to award liquidated damages in an amount equal to the overtime compensation;

      E.     For the Court to award all wages owed and treble damages for wrongfully withheld wages;

      F.     For the Court to award prejudgment and post-judgment interest;

      G.     For the Court to award Plaintiff's and Collective Members reasonable attorneys' fees and costs of the actions pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

      H.     For the Court to provide reasonable incentive awards for the named Plaintiff to compensate him for all the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so;

      I.     For the Court to determine that Plaintiff and the Collective Members are owed overtime at the rate of time-and-a-half; and,

      J.     Such other relief as this Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the Collective Members hereby request that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

…//…

RESPECTFULLY SUBMITTED this 31st day of May, 2018.

**DENTON PETERSON, P.C.**

/s/  Timothy F. Coons
Brad A. Denton
Timothy F. Coons
1930 N. Arboleda Road, Suite 200
Mesa, AZ  85213
*Attorneys for Plaintiffs*